NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT V. VALENZUELA,<br><br>Plaintiff,<br><br>v.<br><br>CONSTAR FINANCIAL SERVICES, LLC,<br><br>Defendant. | Case No. **'19CV1019 WQHBGS**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes ROBERT V. VALENZUELA ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of CONSTAR FINANCIAL SERVICES, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within, the Central District of California.

**PARTIES**

4. Plaintiff is a 42 year old consumer residing in Brawley, California, which is located within the Southern District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a debt collection agency who, through its communications with consumers, identifies itself as a debt collector attempting to collect upon debts. Defendant is a limited liability company organized under the laws of the state of Arizona with its principal place of business located at 10400 North 25th Avenue, Suite 100, Phoenix, Arizona.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject consumer debt") said to be owed by Plaintiff.

10. On or about March 6, 2019, Defendant sent Plaintiff a collection letter attempting to collect upon the subject consumer debt.

2

11. This collection letter was the first written communication Plaintiff received from Defendant.

12. The collection letter provides the following information regarding the subject consumer debt:

>    Creditor: BBVA COMPASS
>    Account#: *********9863
>    Constar# : ***7176
>    Past Due Amount: $1007.66

13. Thereafter, the collection letter states:

>    As of the date of this letter, **BBVA COMPASS** records indicate that your account is past due and the entire amount of **$1007.66** must be paid in full. Please remit the amount of **$1007.66** using the return envelope provided. If your payment is not received by your next billing date, the amount due to bring your account current may increase due to additional interest and fees.

14. Throughout the collection letter, Defendant refers to the creditor of the subject consumer debt as "BBVA Compass," without providing any further information regarding the entity to whom the debt is owed.

15. When one searches the Arizona Corporation Commission and California Secretary of State website for "BBVA Compass," numerous different entities pop up, including, *inter alia*: BBVA Compass Consulting and Benefits, Inc.; BBVA Compass Financial Corporation; BBVA Compass Insurance Agency, Inc.; BBVA Compass Investment Solutions, Inc.; and BBVA Bancshares, Inc.

16. Although each of these entities contain the name BBVA Compass, the names of each respective entity demonstrates the vastly different purposes for which each company exists, and that multiple such entities may provide services that result in the creation of a debt in consumers.

17. As such, Defendant's collection letter fails to adequately identify, to Plaintiff and the least sophisticated consumer, the current creditor of the subject debt.

18. Defendant's collection letter also confusingly lists the balance of the subject debt.

19. While the letter sets forth the "Past Due Amount," the collection letter goes on to state that if Plaintiff does not pay by his "next billing date" the amount "may increase due to additional interest and fees."

20. Defendant's collection letter does not identify the "next billing date" after which point in time Plaintiff's purported amount owed would potentially increase due to interest or fees.

21. Defendant's collection letter fails to identify what portion, if any, of the subject debt was interest or principal at the time it sent the collection letter, and further failed to identify the applicable interest rate at which the subject debt would increase. The letter's reference to "additional interest" suggests that at least a portion of the past due balance comprised interest.

22. Furthermore, Defendant's collection letter fails to advise that, if Plaintiff paid the amount shown in the collection letter, an adjustment may be necessary and Plaintiff may be required to pay more than the amount listed in the collection letter.

23. Even further, Defendant's collection letter, after referring the amount owed as "Past Due Amount," later provides a contradictory representation as it refers to such amount as "the amount due to bring your account current."

24. In light of the above deficiencies in Defendant's collection letter, it has failed to adequately identify the amount owed on the subject debt.

25. Finally, Plaintiff was misled and confused by Defendant as to the time period in which the subject debt may increase due to interest and other charges.

26. Although Defendant sets forth that Plaintiff's amount owed would increase if he failed to pay the full amount by his "next billing date," Defendant's failure to identify the precise date such interest or other fees may be applied to the debt creates inherent ambiguity in the letter.

27. A consumer interpreting Defendant's letter could be misled into believing their next billing date is rapidly approaching, and would thus determine to make payment promptly so as to avoid

the potential increase in the balance of the debt. On the other hand, a consumer may believe that they have some amount of time to make payment and would delay repayment accordingly, which could subject such consumer to additional interest and/or fees as a result of Defendant's failure to clearly identify the time period by which interest or other charges may increase.

28. Plaintiff has suffered financial loss including expending assets dealing with Defendant's conduct.

29. Plaintiff has further suffered a violation of his state and federally protected interests as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

32. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

33. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

34. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a.  Violations of the FDCPA § 1692e**

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt."
> 15 U.S.C. § 1692e(2)(A).

5

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

37. Defendant violated 15 U.S.C. § 1692e and e(10) when it deceptively and misleadingly represented the date by which the subject debt would increase due to interest and fees. While defendant's representation may well be technically true, Defendant failure to explicitly provide Plaintiff the date by which such interest or other fees would increase the amount owed creates unnecessary confusion in the collection letter for Plaintiff and consumers.

38. Defendant further violated 15 U.S.C. § 1692e, e(2)(A), and e(10) through the deceptive and misleading way in which it listed the total balance of the subject debt. Defendant's failure to clearly identify the creditor of the subject debt similarly violates these provisions.

**b. Violations of the FDCPA § 1692g**

39. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to provide consumers with various pieces of information regarding consumer's rights to dispute the validity of certain debts in the initial written communication with consumers. Pursuant to 15 U.S.C. § 1692g(a)(1), a debt collector must adequately provide "the amount of the debt." Pursuant to 15 U.S.C. § 1692g(a)(2), a debt collector must adequately provide "the name of the creditor to whom the debt is owed."

40. Defendant violated § 1692g(a)(1) when it failed to adequately identify the amount of the debt. Although the letter purports to outline the total amount due, Defendant's mentioning of interest and other charges that may accrue at some undefined time in the future renders Defendant's disclosure of the amount due insufficient under the FDCPA.

41. Defendant further violated § 1692g(a)(2) through its failure to sufficiently identify the name of the creditor to whom the debt is owed. Although Defendant lists BBVA Compass as the creditor throughout the collection letter, Defendant's use of this indication as the *only* means to identify the

creditor is not sufficient. Defendant's use of this name only does not adequately identify to Plaintiff and consumers the precise entity to whom the debt is owed.

WHEREFORE, Plaintiff, ROBERT V. VALENZUELA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

44. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

45. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

46. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

47. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e and g of the FDCPA. Defendant engaged in

7

deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

48. Defendant willfully and knowingly violated the RFDCPA.  Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, ROBERT V. VALENZUELA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c.  Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d.  Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e.  Award any other relief as the Honorable Court deems just and proper.

Dated: May 31, 2019                     Respectfully submitted,

                                        By: /s/ Nicholas M. Wajda
                                        Nicholas M. Wajda
                                        WAJDA LAW GROUP, APC
                                        11400 West Olympic Boulevard, Suite 200M
                                        Los Angeles, California 90064
                                        Telephone: (310) 997-0471
                                        Facsimile: (866) 286-8433
                                        Email: nick@wajdalawgroup.com